```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
_____

ERICA CHATMAN,                    )
                                  )
     Plaintiff,                   )
                                  )
v.                                )    No. 22-cv-2705-TLP-tmp
                                  )
TRUGREEN LIMITED PARTNERSHIP,     )
                                  )
     Defendant.                   )
_____

            ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS
_____
```

## I. BACKGROUND

Before the court by order of reference is a Motion for Sanctions filed by plaintiff Erica Chatman on August 23, 2023. (ECF No. 26.) Defendant TruGreen Limited Partnership ("TruGreen") filed a response on September 6, 2023. (ECF No. 28.) This motion was referred to the undersigned on August 23, 2023. (ECF No. 27.)

Chatman has filed three claims against TruGreen under Title VII of the Civil Rights Act of 1964 alleging sex discrimination, hostile work environment, and retaliation. (ECF No. 1.) Chatman's case revolves largely around an alleged incident on July 9, 2021, involving a co-worker, who she claims took her "into a dark room, made comments about how attractive he found her, and non-consensually embraced her." (ECF No. 26 at PageID

222.) Chatman reported this incident that same day, submitting a complaint to TruGreen through EthicsPoint, the company's system for facilitating and managing investigations of workplace concerns. TruGreen alleges that Ricky Lauderdale, TruGreen's Senior Human Resources ("HR") Director, led the investigation of Chatman's claim. (ECF No. 28 at PageID 293.) As part of the investigation, Lauderdale viewed office surveillance footage that allegedly captured the incident. (Id.) Lauderdale took notes from his investigation. (ECF No. 26-3 at PageID 277 (Lauderdale Deposition).) TruGreen claims that Lauderdale placed his investigative materials into the EthicsPoint drive but could not upload the surveillance footage because of technical issues involving the size. (ECF No. 28-1 at PageID 302 (Second Lauderdale Decl.).)

Following the review, around July 15, 2021, Lauderdale made the determination that the evidence was inconclusive and informed Chatman of his decision not to take further action. (ECF No. 26 at PageID 222; ECF No. 28 at PageID 293.) Starting July 21, 2021, Chatman stopped showing up for work and claims that on or around July 23, she had been constructively terminated. (ECF No. 1 at PageID 4; ECF No. 28 at PageID 293.) Chatman claims that she filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 11, 2021. (ECF No. 26 at PageID 223.) However, her EEOC charging

document, attached to TruGreen's response, was signed December 4, 2021. (ECF No. 28-3 at PageID 305.) This distinction is critical, because as TruGreen Senior Governance Risk and Compliance Analyst Ginger Whited states in her declaration, TruGreen has a ninety-day video surveillance retention policy. (ECF No. 28-2 at PageID 303 (Whited Decl.).) The EEOC appears to have given first notice to TruGreen of Chatman's charge on April 20, 2022, when an EEOC investigator requested TruGreen's position statement. (ECF No. 28-5 at PageID 313.)

The EEOC issued Chatman a Right to Sue letter on July 19, 2022. (ECF No. 1-3 at PageID 11.) Chatman filed her complaint with this court on October 14, 2022. (ECF No. 1.) Chatman served TruGreen with interrogatories and requests for production of documents on February 13, 2023. (ECF No. 26-1 at PageID 256.) Plaintiff's Request for Production No. 27 stated:

> Please produce a true and complete copy of any and all data, recordings, statements, videotapes, audiotapes, digital recordings, written documents, or information in any other form, whether electronically stored or otherwise, of or from the Defendant, its representatives, or any other persons concerning the incidents complained of in the Complaint.

(Id. at PageID 253.) On May 7, 2023, TruGreen responded, objecting on attorney-client privilege grounds but producing a copy of TruGreen's EthicsPoint file of Chatman's case. (ECF No. 26 at PageID 223; ECF No. 28 at PageID 294.) TruGreen did not provide the surveillance footage. (ECF No. 26 at PageID 223; ECF

No. 28 at PageID 294.) TruGreen notes that Chatman did not specifically request the video footage until Lauderdale's deposition on July 12, 2023, two days prior to the close of discovery. (ECF No. 28 at PageID 294.) In the deposition, Lauderdale, testifying as TruGreen's Rule 30(b)(6) representative, stated that he did not believe TruGreen still possessed a copy of the video surveillance but was not certain about the company's retention policy. (ECF No. 26-3 at PageID 279.) On August 8, 2023, several weeks after the July 14 discovery deadline, plaintiff's counsel sent defendant's counsel the following email:

> Good morning Ashley,
>
> In Defendant's deposition, the witness testified that a video of the Plaintiff and Mr. Jones' interaction was reviewed during the investigation of her internal complaint. The witness also testified that Defendant no longer has that video? Can you either confirm that this is the case or produce the video as it is responsive to, minimally, Plaintiff's Request for Production Nos. 27 and 28.
>
> Best regards,
> Lauren

(ECF No. 26-4 at PageID 282.) TruGreen's counsel did not respond. (ECF No. 28 at PageID 295.) On August 18, however, TruGreen filed a motion for summary judgment. (ECF No. 24.) On August 23, Chatman filed this motion for sanctions. (ECF No. 26.)

**II. ANALYSIS**

Federal Rule of Civil Procedure 37(e) "governs the burden of proof and available sanctions for failure to preserve" relevant information, including electronically stored information ("ESI"). Palmer v. Allen, No. 14-cv-12247, 2016 WL 5402961, at *1 (E.D. Mich. Sept. 28, 2016). It provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). There are four initial requirements under Rule 37(e) that must be met before the court may consider sanctions under (e)(1) and (e)(2): "(a) the existence of ESI of a type that should have been preserved; (b) ESI is lost; (c) the loss results from a party's failure to take reasonable steps to preserve it; and (d) it cannot be restored or replaced through

- 5 -

additional discovery." Konica Minolta Bus. Sols., U.S.A. Inc. v. Lowery Corp., No. 15-cv-11254, 2016 WL 4537847, at *2 (E.D. Mich. Aug. 31, 2016). The parties do not appear to dispute that the video is ESI. See Black v. Costco Wholesale Corp., 542 F. Supp. 3d 750, 752 (M.D. Tenn. 2021) (finding that video evidence can be ESI); Wooden v. Barringer, No. 3:16-cv-446-MCR-GRJ, 2017 WL 5140518, at *3–4 (N.D. Fla. Nov. 6, 2017) (collecting cases and finding that video surveillance footage is ESI for purposes of determining Rule 37(e) sanctions). There likewise appears to be no genuine dispute that the video is lost.

For the third step, Rule 37(e) asks whether the loss was a result of a party failing to take reasonable measures to preserve it. The rule "does not create a duty to preserve ESI" but rather "recognizes the common-law duty to preserve relevant information when litigation is reasonably foreseeable." EPAC Tech., Inc. v. HarperCollins Christian Publ'g, Inc., No 3:12-cv-00463, 2018 WL 1542040, at *12 (M.D. Tenn. Mar. 29, 2018). This common law duty arises when a party "has notice that the evidence is relevant to litigation or . . . should have known that the evidence may be relevant to future litigation." John B. v. Goetz, 531 F.3d 448, 459 (6th Cir. 2008) (quoting Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 436 (2d Cir. 2001)); see also Beaven v. U.S. Dep't of Justice, 622 F.3d 540, 553 (6th Cir. 2010). While such notice is often accomplished through a

"litigation hold" from the other party, the duty attaches "independent of whether [the moving party requests] a litigation hold." Ferron v. Search Cactus, L.L.C., No. 2:06-CV-327, 2008 WL 1902499, at *3 (S.D. Ohio Apr. 28, 2008).

In this case, the parties dispute when TruGreen's duty to preserve began. Chatman argues that either her internal HR complaint filed on July 23, 2021, or her EEOC charge, allegedly filed on August 11, 2021, should have provided TruGreen sufficient notice of relevant future litigation. (ECF No. 26 at PageID 227.) "Various events may put a party on notice of litigation and trigger a duty to preserve, including demand letters, preservation requests, threats of litigation, or a party's decision to pursue a claim." Gomez v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:19-CV-00026, 2021 WL 3406687, at *2 (M.D. Tenn. Aug. 4, 2021) (citing EPAC, 2018 WL 1542040, at *16 (collecting cases)).

> This standard is not met by the theoretical possibility of litigation, which arises after almost every employment decision or business transaction. Instead, the Court will only find that a party should have known that evidence may be relevant to future litigation if there was reason to believe that litigation was "probable" when the evidence was destroyed.

Crossley v. Kettering Adventist Healthcare, No. 3:20-CV-319, 2023 WL 2554942, at *2 (S.D. Ohio Mar. 17, 2023). Merely making an internal complaint is generally not sufficient to trigger the

duty to preserve. See, e.g., Goodale v. Elavon, Inc., No. 3:19-CV-409-KAC-DCP, 2022 WL 17573909, at *7-8 (E.D. Tenn. Dec. 9, 2022) (explaining that plaintiff's phone call complaint to defendant's hotline "was not a 'triggering event' that would have placed Defendant 'on notice' to retain" related documents). Here, Chatman's report alone was insufficient to trigger TruGreen's duty to preserve. At the time of Chatman's report, during TruGreen's investigation, and immediately after its decision, there is no evidence that Chatman threatened suit or that an attorney contacted the company on Chatman's behalf. Chatman offers as an alternative trigger date August 11, 2021, but has provided no evidence that she filed her EEOC charge on that date. In fact, the only EEOC charging document provided to this court indicates that Chatman signed the charge on December 4, 2021. (ECF No. 28-3 at PageID 305.)

The duty to preserve attaches when the party receives actual notice of the EEOC charge, and under certain circumstances, potentially as soon as the charge is filed. Compare Nethery v. Quality Care Invs., L.P., No. 3:17-CV-00537, 2019 WL 12023210, at *10 (M.D. Tenn. Feb. 11, 2019) ("Courts have held that notice of an EEOC charge triggers the duty to preserve relevant evidence . . . .") (citing E.E.O.C. v. New Breed Logistics, No. 10-2696 STA/TMP, 2012 WL 4361449, at *6 (W.D. Tenn. Sept. 25, 2012)) with Zubulake v. UBS Warburg LLC,

- 8 -

220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("[T]he duty to preserve evidence arose, at the latest, . . . when Zubulake filed her EEOC charge.") and Goodale, 2022 WL 17573909, at *7 (implying that, had the plaintiff filed her EEOC charge prior to the destroyed documents' retention policy's date of effect, it may have been sufficient as notice). Although TruGreen posits that it did not receive notice of the EEOC charge until April 20, 2022, even the December 4, 2021 date of the charge is well beyond TruGreen's ninety-day surveillance video retention policy. Therefore, because TruGreen was not given notice that the surveillance video was relevant to future litigation in the ninety days following the July 9, 2021 incident, it did not have a duty to preserve it during and up to the end of that time.[1]

Based on the determination that the video was erased pursuant to TruGreen's retention policy, which occurred before a duty to preserve that evidence arose, the court need not address the remaining elements of Rule 37(e).

---

[1] Chatman argues that TruGreen was aware of a potential discrimination claim in July 2021, as evidenced by its assertion of attorney-client privilege in May 2023. (ECF No. 26 at PageID 233.) Alternatively, she argues that the assertion of privilege suggests that TruGreen, in fact, still had the video in May 2023 and subsequently destroyed it. (Id.) However, the court finds that there is no evidence that TruGreen was or should have been aware of a future discrimination claim during the ninety-day video retention policy period, or that TruGreen destroyed the video after this litigation was filed.

- 9 -

## III. CONCLUSION

For the above reasons, Chatman's Motion for Sanctions is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 30, 2023
Date